### H. LEVASSEUR, Curator, *v.* AUGUSTE MARTIN, Bishop, &c.

The power to hypothecate must be express and special. C. C. 2966.

The Archbishop of the Catholic Church of Louisiana cannot, without authorization, lawfully mortgage or encumber the real estate belonging to the church.

C. C. 3267, 3269 and 3270.

APPEAL from the District Court of the parish of Natchitoches, *Chaplin*, J. *Tucker*, for plaintiff and appellant. *J. G. Campbell*, for defendant and appellee.

SPOFFORD, J. The plaintiff proceeded *via executiva* to enforce a mortgage against a tract of land alleged to be in the possession of the defendant, as Bishop of the Roman Catholic Congregation, for the Diocese of Natchitoches.

By consent, the executory process was converted into an ordinary action, and the defendant answered by a general denial, and by some special averments which put at issue the validity of the alleged mortgage.

There was a judgment as in case of non-suit, and the plaintiff has appealed.

It is conceded that the land sought to be subjected to the plaintiff's hypothecary action originally belonged to one *Madmoiselle Françoise Trichel.* She died, leaving a last will, whereby she made the following disposition of this land: "Je désire que toute ma terre, ma résidence, ainsi que la terre ou est batie l'eglise à Campté soit et reste à l'eglise. Telle est ma volonté."

Afterwards, *Antoine Blanc*, Archbishop of New Orleans, gave to the *Rev. Phillabert Jordain* a letter of procuration, empowering him "to grant a mortgage upon all the land which belonged to him (the Archbishop) at Campté to secure the payment of such sum as the mandatary should have borrowed for the building of the church, but for no other purpose."

Under the mandate, it would seem that the mortgage in question was executed a few months afterwards by the *Rev. Mr. Jordain*, in favor of *Luvini*, (the plaintiff's intestate,) to secure the sum of eight hundred dollars, acknowledged to be due to him by the Archbishop.

<div style="float:right">LEVASEUR<br>v.<br>MARTIN.</div>

Afterwards the diocese of Natchitoches was established, and the church at Campté fell within its jurisdiction.

Property can be specially hypothecated only by the owner or by some one authorized to act for the owner. C. C. 3267. It cannot be pretended that *Archbishop Blanc* owned the property in question. We are not called upon to interpret the loose and ambiguous bequest of *Mademoiselle Trichel* any further than to say that it vested no right of property in the Archbishop. She gave her land to "the Church" not to the Archbishop. And whether we consider that flexible term to have meant, in this instance, the Roman Catholic Church in general, the diocese of Louisiana, or the particular congregation at Campté, still it is not shown that either of those bodies had empowered *Archbishop Blanc* to encumber this property by conventional mortgages, or that he was so empowered by law. The property of minors, of persons under interdiction, of absentees and *corporations*, cannot be mortgaged in any other form and manner than that directed by law." C. C. 3269. The power to encumber or hypothecate must be express and special. C. C. 2966.

There might, perhaps, be relief for the plaintiff upon a proper showing under the following Article of the Code: "An attorney can only hypothecate the property of his principal, so far as he has a special power for that purpose.

Nevertheless, if the attorney, on effecting a loan for his principal, had granted a mortgage, and the latter had received the money for the loan, or if it had been usefully employed for his benefit, the principal would be bound to ratify the mortgage, and might be compelled to execute it." C. C. 3270.

But the pleadings and evidence in this case are insufficient to fasten such a liability upon any party.

The judgment is, therefore, affirmed, with costs.